**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO.   18-271-1 |
| | : | |
| JAMES FRANKLIN HILL | : | |

## MEMORANDUM

KEARNEY, J.                                                                                          August 13, 2020

On April 1, 2019, we sentenced James Franklin Hill to sixty-five months in custody with credit for time served arising from his guilty plea to his bait and switch gold coin schemes victimizing seventeen persons in eleven states over seven years who suffered a combined loss of $330,230.  He moved for compassionate release on July 21, 2020.  We denied his Motion for compassionate release after analyzing Mr. Hill's extensive criminal background involving thirty-nine convictions and found he posed a danger to the community. We also found his personal history, nature of the offense, and the need for deterrence in balancing Congress's sentencing factors in section 3553(a) alternatively mandated we deny compassionate release.

Mr. Hill now asks us to reconsider our July 30, 2020 Order arguing we mistakenly viewed him as a danger to the community because we should not have considered the risk of him committing more fraud if released today. He now argues under a different section of the Bail Reform Act relating to pretrial detention he did not earlier argue. He also argues our dangerousness finding under the Guidelines infected our section 3553 balancing. After study, we cannot find a clear error of law in not reaching an apparently unprecedented extension of a 1986 decision in the pretrial detention context or altering our balancing of Congress's factors in denying release. We deny Mr. Hill's Motion for reconsideration.

**A.** **Mr. Hill moves to reconsider legal issues known but not presented in his initial Motions for compassionate release.**

Mr. Hill moved for compassionate release arguing we should consider the applicable factors in 18 U.S.C. § 3553(a) and reduce his sentence to time served because his medical condition puts him at severe risk for serious injury or death because of COVID-19.[1] Mr. Hill argued in determining whether his sentence should be reduced under 18 U.S.C. § 3582(c)(1)(A)(i), we must find (1) extraordinary and compelling reasons warrant the reduction; (2) Mr. Hill is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and, (3) the reduction is consistent with the policy statement of the United States Sentencing Guideline ("U.S.S.G.") § 1B1.13, as well as the factors in 18 U.S.C. § 3553(a), to the extent that they are applicable.[2]

The United States conceded Mr. Hill presents a risk factor for severe disease from COVID-19, but argued under the circumstances, including the section 3553(a) factors and danger to the community under section 3142(g), we should deny the motion.[3] The United States argued Mr. Hill is a "notorious con man" with, at the time of sentencing, thirty-nine convictions including larceny, theft, robbery, and narcotics possession.

Considering Mr. Hill's extensive criminal background, we denied his Motion for a reduction in sentence in part because of our concern with Mr. Hill's "bait and switch" schemes carried out over seven years defrauding seventeen victims in eleven states of a combined loss of $330,230 and the future risk of harm to the community.[4] We alternatively found Congress's sentencing factors in section 3553(a) did not warrant reducing Mr. Hill's sentence. Mr. Hill now asks we reconsider our decision, arguing risk of future fraud does not constitute a danger to the community under §1B1.13, 18 U.S.C § 3142(g), and the decision of our Court of Appeals in *United*

*States v. Himler*.[5]

Mr. Hill did not raise this argument in either his *pro se* or counselled Motion for compassionate release despite devoting a subsection of his counselled brief arguing he does not pose a danger to the safety of his community.[6] His arguments today would not meet our standard for reconsideration unless we found our July 30, 2020 Order denying compassionate release is based on a clear error of law.[7]

We cannot find our July 30, 2020 Order is based on a clear error of law under either section 3142(g) or section 3553(a).

**B.     We cannot find clear error of law under the section 3142(g) analysis leading us to find Mr. Hill presents a danger to the community.**

Mr. Hill asks we reconsider our July 30, 2020 Order denying his motion for compassionate release based on our error in concluding the risk of future fraud renders him a danger to the community under 18 U.S.C. § 3142(g), a factor under U.S.S.G. §1B1.13. He argues our error in considering fraud as a danger infected our section 3553(a) analysis and, with the dangerousness factor out of the analysis, a reduction in sentence is warranted.

We may grant a motion for compassionate release and reduce the term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable" if, among other factors, we find "extraordinary and compelling reasons warrant such a reduction; … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.][8] The "applicable policy statements" set out in U.S.S.G. § 1B1.13 allow us to reduce a term of imprisonment if, after considering the factors set forth in section 3553(a), to the extent they are applicable, we determine "[e]xtraordinary and compelling reasons warrant the reduction;" … "[t]he defendant is not a danger to the safety of any other person or to

3

the community, as provided in 18 U.S.C. § 3142(g);"[9] and "[t]he reduction is consistent with this policy statement."[10]

Mr. Hill argues his conviction for fraud, and more specifically, the risk of future fraud, does not meet the dangerousness standard of section 3142(f) and (g). He does not explain why we should look to section 3142(f) under the Guidelines. But he then proceeds to extensively rely upon a section 3142(f)(1) detention hearing analysis by our Court of Appeals in *Himler*. The United States charged Mr. Himler with crimes involving the use of fraudulent identification.[11]  The district court ordered Mr. Himler detained prior to trial based on his criminal history including convictions on larceny and possession of false identification. Considering Mr. Himler's criminal history and the current charge, the district court concluded Mr. Himler's "release on conditions would not assure the safety of the community."[12]

Based on the record before it, our Court of Appeals found "there is a danger [Mr. Himler] will, if released, commit other offenses of the type for which he has been previously convicted and with which he is presently charged, namely crimes involving the use of false identification."[13] Mr. Himler did not contest the district court's finding a danger to the community; instead, he argued his pretrial detention is not permitted under section 3142(f)(1).[14]

Our Court of Appeals agreed with Mr. Himler. Relying on an earlier decision in *United States v. Perry*, the court found the statute authorizes the pretrial detention of "persons found to be dangerous in a very real sense; distributors of dangerous drugs and users of firearms in the commission of crimes of violence."[15]  Because the charge in *Perry* involved a statutorily-specified crime,[16] the court did not address the question "whether the statute authorizes pretrial detention upon proof of danger to the community other than from those offenses which will support a motion

for detention."[17] In *Himler*, the court held the statute does ***not*** so authorize.[18] Mr. Himler's charges did not include the offenses in section 3241(f)(1), thus "the statute does not authorize the detention of the defendant based on danger to the community from the likelihood that he will if released commit another offense involving false identification."[19]

Mr. Hill argues under *Himler* we cannot consider offenses outside those proscribed by section 3241(f)(1) in our analysis of the "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" incorporated into  U.S.S.G. § 1B1.13's factors. The United States does not dispute Mr. Hill's conviction is not based on one of the offenses in section 3142(f)(1).[20]

The United States does not contest Mr. Hill's proposition under *Himler*. But we are not persuaded *Himler* so readily disposes of the question. Neither party offers authority for the proposition the limited language in section 3142(f)(1) applies under the Guidelines' reference to the broader language in section 3142(g). Our research also confirms no cases adopting *Himler* in the compassionate release context. We do not see how *Himler* applies. In section 3142(g), unlike section 3142(f)(1), Congress requires we account for "available information concerning … the nature and circumstances of the offense charged ***including***" crimes also identified in section 3142(f)(1).[21] We agree fraud is not identified in section 3142(f)(1). Our Court of Appeals' *Himler* instruction would certainly apply if we are addressing Mr. Hill's pretrial detention under section 3142(f)(1). We are not doing so today. We cannot imagine, and counsel does not address, why Congress would use different language in section 3142(g) if it meant the exact same crimes as defined in section 3142(f)(1) as applied in *Himler* to detention hearings. Congress also did not include fraud in section 3142(g). But Congress arguably expanded the nature of the inquiry under

section 3142(g) by requiring we consider "the nature and circumstances of the offense charged *including*" specified crimes also included in section 3142(f)(1).[22] The Sentencing Commission focuses on the section 3142(g) analysis offering a broader review than just the crimes listed in section 3142(f)(1).

Absent a direction, we cannot cavalierly read section 3142(g) to mean the district court is limited to considering the specific charges under section 3142(f)(1). At a minimum, we cannot find we made a clear error of law warranting reconsideration based on Court of Appeals' *Himler* case and a fair reading of the text of § 1B1.13(2) referencing section 3142(g).

### C.    We cannot release Mr. Hill after considering the section 3553(a) factors.

Even if we accept Mr. Hill's argument and cannot consider his fraudulent conduct as part of the section 3142(g) analysis, we must still consider the section 3553(a) factors including "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; ...."  The section 3553(a) factors do not support a reduction in sentence.

We addressed at length the reasons we could not release Mr. Hill under section 3553(a). We raised these arguments as an alternative to the danger to the community. Mr. Hill claims our analysis is so infused with our findings as to his danger to the community it renders our section 3553 analysis duplicative. He concedes his "extraordinary criminal history, in terms of his number

of prior convictions," but argues his assigned criminal history category of VI—which he contends is "extremely rare for a fraud defendants"—is the primary reason for his unusually high Guidelines range. He also concedes we properly found his bait and switch fraud resulted in a tremendous financial impact on his victims, which is the other reason for his high Guidelines range and sentence. But, he argues, we fully accounted for his criminal history and harm to victims when we imposed a sixty-five-month sentence. Mr. Hill identifies the issue as "whether it is absolutely necessary for [him] to serve that entire 65-months given the extraordinary and compelling circumstances of [his] risk of serious medical complications or death from COVID-19."[23]

Mr. Hill urges once we take § 1B1.13's dangerousness factor out of the equation, the modest fourteen-month reduction he seeks is appropriate particularly where he has served seventy-two percent of his sentence with good time credit. He argues the section 3142(g) analysis is an eligibility criterion and the nature of his offenses is just one factor under section 3553(a).   He is correct as to the different nature of the analysis of the eligibility under one section and the discretionary nature of the sentencing factors.    But we disagree with Mr. Hill. We find no basis to change our minds on the balance of the section 3553 (a) factors after careful consideration. We entered this sentence, and continue to maintain this sentence, to reflect the seriousness of his offense, to promote respect for the law, and provide just punishment. Mr. Hill committed numerous crimes through several states. Through the efforts of his counsel, the United States agreed to prosecute him solely in this District but to consider his other conduct and victims in other states as relevant conduct for purposes of sentencing. Had Mr. Hill been charged and found guilty in each of those other forums, he may likely be incarcerated for a longer time on consecutive sentences. His repeated conduct may have warranted a longer sentence as well. This is a most serious offense

which justified a Guideline sentence in the middle of the recommended range. His continued sentence also promotes respect for the law and provides just punishment. Nothing has changed which will allow us to find discounting the sentence would now promote respect for the law or provide just punishment. We carefully considered a mid-Guideline sentence as just punishment.

We also factored a need to afford adequate deterrence for the possible criminal conduct. Mr. Hill has been involved in criminal conduct virtually his entire adult life. We appreciate his rehabilitation in prison and his plan to return to his family. We also appreciate he may not engage in this conduct moving forward. But much of his adult life has been spent in criminal conduct. We trust upon his release in accord with our judgment he will avoid criminal conduct. But we today find no basis to find reducing the sentence affords adequate deterrence.

We carefully applied these factors. Even putting aside the concept of Mr. Hill's long penchant for committing fraud may now stop upon release and thus not pose a danger to the community, we cannot find he would not otherwise commit further crimes.

### D.     Conclusion

After study, reconsideration is not appropriate as we find no clear error of law in not applying *Himler* under the Guidelines addressing compassionate release and for the alternative grounds reduction of sentence is not appropriate after balancing the section 3553(a) factors including deterrence and Mr. Hill's personal characteristics.

---

[1] ECF Doc. No. 66. Mr. Hill initially filed a *pro se* motion for compassionate release. *See* ECF Doc. No. 61.

[2] ECF Doc. No. 66 at 13-14.

[3] ECF Doc. No. 67.

---

[4] ECF Doc. Nos. 68, 69.

[5] 797 F.2d 156 (3d Cir. 1986).

[6] ECF Doc. No. 66.

[7] A motion for reconsideration may only be granted where the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Such motions are sparingly granted because courts have a strong interest in the finality of judgments. *Roofers Local No. 30 Combined Pension Fund v. D.A. Nolt, Inc.,* 719 F. Supp. 2d 530, 554 (E.D. Pa. 2010), *aff'd,* 444 F. App'x 571 (3d Cir. 2011). Mr. Hill's only possible grounds for reconsidering are based on a need to correct a clear error of law based upon his reading of *United States v. Himler,* 797 F.2d 156 (3d Cir. 1986).

[8] 18 U.S.C. § 3582(c)(1)(A)(i).

[9] 18 U.S.C. § 3142(g) provides, in part: "The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning-- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; …."

[10] U.S.S.G. § 1B1.13.

[11] *Himler*, 797 F.2d at 157-58.

[12] *Id.* at 158.

[13] *Id.* at 159.

[14] Section 3142(f)(1) delineates the offenses affecting "the safety of any other person and the community-- …
  (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
  (B) an offense for which the maximum sentence is life imprisonment or death;
  (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act …, the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
  (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses

9

that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

(E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; …

18 U.S.C. § 3142(f)(1).

[15] *Himler*, 797 F.2d at 159-60 (quoting *United States v. Perry*, 788 F.2d 100, 113 (3d Cir.1986)).

[16] In *Perry*, the United States charged defendants with conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1982) and 21 U.S.C. § 846 (1982). *Perry*, 788 F.2d at 102.

[17] *Himler*, 797 F.2d at 160.

[18] *Id.*

[19] *Id.*

[20] ECF Doc. No. 71.

[21] 18 U.S.C. § 3142(g) (emphasis added).

[22] *Id.*

[23] ECF Doc. No. 70 at 4.